**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **ANTONIO WARD**<br>3100 N. Hilton Street<br>Baltimore, MD 21216<br><br>       **Plaintiff,**<br><br>   vs.<br><br><br>**OFFICER BARBER**<br>Badge No. 5241<br>Baltimore County Police Department<br>in both her official and individual capacities<br><br>     **and**<br><br>**WAL-MART STORES, INC.,**<br>Serve: The Corporation Trust Incorporated<br>333 E. Lombard Street<br>Baltimore, MD 21202<br><br>       **Defendants.** | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*   Case No.<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

**COMPLAINT**
( Deprivation of Civil Rights 42 U.S.C. § 1983;
Defamation/False Light, and Negligent Supervision)

**INTRODUCTION**

1. This is a civil action brought pursuant to 42 U.S.C. Section 1983 seeking damages against the defendant officer for committing acts under color of law which deprived Antonio Ward of rights secured under the Constitution and laws of the United States.

2. In addition, it is a civil action seeking damages against the defendants for intentional wrongdoing and acts under common law.

**JURISDICTION**

3. Jurisdiction exists in this case pursuant to the 4th & 5th Amendments to the Constitution, and under 42 U.S.C. § 1983, 28 U.S.C. §1331, 28 U.S.C. § 1343 and D.C. Code § 13-423.

## PARTIES

4. Plaintiff, Antonio Ward, was at all times relevant herein, a resident of the state of Maryland.

5. P.O. Barber was at all times relevant to this proceeding a Baltimore County Police Officer acting within the course and scope of her employment with defendants Baltimore County and Wal-Mart Stores, Inc.

6. Defendant Walmart Stores, Inc., Corporation is a full-service discount department store operating in Baltimore County at 13601 Washington Boulevard in Arbutus, MD. At all times relevant herein, this defendant utilized the services of defendant Barber to provide security at its Arbutus location.

## STATEMENT OF R RELEVANT FACTS

7. On April 4th, 2012, at approximately 6:30 p.m., defendant Barber was working at defendant Walmart's Arbutus store.

8. The plaintiff had gone to the Walmart Store in Arbutus with the intention of purchasing an accessory for his mobile phone.

9. Prior to entering the Walmart Store, the plaintiff had just completed his daily physical workout. Accordingly, he was dressed in athletic apparel.

10. Upon entering the store, the plaintiff walked directly to the wireless cell phone center that was near the front of the store. When he encountered a store representative working in the wireless department, he told him what he was there to purchase, and also advised that since he was perspiring, it might be advisable to provide him with a plastic cover for the customer seat so that it would not get soiled. This individual ignored the plaintiff's request and simply acted as if he wanted the plaintiff to leave the store. In response to plaintiff perspiring onto the floor, the Walmart representative turned to a co-worker that he referred to as Donna and asked her if she could have maintenance respond and clean

the liquid from the floor.

11. "Donna" then left the wireless area only to return a short time later with defendant Barber and four(4) other Walmart employees, including one who identified himself as an Assistant Manager. None of them, however, was a maintenance employee. At this point, defendant Barber stated to the plaintiff in a loud voice, in close proximity to a number of customers in the store, "you urinated on the floor." She continued to berate the plaintiff and accuse him of urinating on the floor for several minutes, while threatening him with arrest. In addition to accusing the plaintiff of urinating on the floor of the Walmart, defendant Barber further berated the plaintiff by loudly questioning him about whether or not he had any money to buy a charger or to justify his presence in the store even though at the time plaintiff had $300.00 in cash in his pocket plus a debit card and several major credit cards in his wallet as well.

12. All the while that this personal assault upon the plaintiff was taking place, no other Walmart employee or manager stepped in to aid the plaintiff and in fact, they all stood by while defendant Barber gave the impression to onlookers that plaintiff was a vagrant, criminal or trespasser in their presence.

13. Not long after defendant Barber was finished with her verbal assault upon the plaintiff, Officer D.J. Yirka of the Baltimore County Police Department appeared on the scene. Incredulously, the plaintiff was told he had to leave the store by an individual purporting to be the manager of the Walmart Store. At the request of the individual purporting to be the manager of the Walmart Store and defendant Barber, Officer Yirka ordered plaintiff to me leave the Walmart Store immediately or he would be arrested.

## COUNT I
### (Deprivation of Civil Rights, 42 U.S.C. § 1983 Defendant Barber)

14. Plaintiff incorporates, by reference, paragraphs 1 through 13 as is fully set forth herein.

15. Plaintiff further alleges that defendant Barber, with deliberate indifference to and reckless

disregard for the rights of the plaintiff and in violation of the 4th and 5th Amendments to the Constitution, did on April 4, 2012, commit acts which deprived Antonio Ward of his Constitutional rights without affording him due process of the law.

16. As a direct and proximate result of the actions of defendant Barber, Antonio Ward suffered an unlawful seizure in that he was illegally detained and forced to leave an establishment open to the public outside the parameters of law and decency.

Wherefore, plaintiff demands judgment against defendants, jointly and severally, in the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT II
### (Negligent Hiring, Training & Supervision, Defendant Walmart)

17. Plaintiff adopts and incorporates the allegations of complaint paragraphs 1 through 13 as if fully set forth herein.

18. At all times relevant herein, defendant Barber and others were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures put in place by Defendant Walmart.

19. Defendant Walmart acted in contravention to its duty of care to plaintiff, negligently, carelessly and recklessly by failing to properly train, supervise, control, direct and monitor its staff and agents in their duties and responsibilities.

20. As a direct and proximate result of the acts and omissions of Defendant Walmart, plaintiff Antonio Ward was wrongfully and unlawfully detained, libeled and otherwise deprived of his constitutional rights.

WHEREFORE, the plaintiff demands judgment against defendant Walmart in the full and just

amount of Two Million, Five Hundred Thousand Dollars ($2,500,00.00), plus interest, and costs.

## COUNT III
**(Defamation, Defendants Barber & Walmart)**

21. Plaintiff hereby incorporates by reference paragraphs 1 through 13 as if fully set forth herein.

22. The above referenced statements and misrepresentations of fact made by defendant Barnber contained both explicit statements and implicit suggestions that are completely false, including the accusation that plaintiff urinated on the floor, was without funds, was either a vagrant or a homeless bum, and/or engaged in criminal conduct.

23. Defendant Barber, at the time her statements were made, had no basis upon which to believe that they were anything but false and libelous.

24. As a direct and proximate result of the defamatory statement made by defendant Barber which presented the plaintiff in a false light, plaintiff was embarrassed, humiliated and continues to suffer from injury to his reputation as a military veteran, businessman, husband and devoted father of high moral character. He has been subjected to ridicule, embarrassment, shame, disgrace, and humiliation among friends, colleagues and the general public.

WHEREFORE, plaintiff seeks judgment against defendants Walmart and Barber, jointly and severally as follows:

(a) compensatory damages in the exact amount to be determined at trial, but in no event less than $1,000,000;

(b) punitive damages in an exact amount to be determined at trial, but in no event less than $1,000,000;

(c) attorney's costs and fees; and

(d) such further relief as this Honorable Court deems just and fair.

## JURY DEMAND

The plaintiff demands a trial by jury on all issues so triable.

                                          Respectfully submitted,

                                             /s/ Gregory L. Lattimer   
                                          Gregory L. Lattimer [15462]
                                          1200 G Street, N.W.
                                          Suite 800
                                          Washington, D.C.  20005
                                          Tel. (202) 434-4513